(No. 24742.—

JOHN WITTBOLD & Co. Appellee, *vs.* THE CITY OF CHICAGO HEIGHTS, Appellant.

*Opinion filed February 15, 1939—Rehearing denied April 5, 1939.*

EDWIN B. POORMAN, for appellant.

ROBERT D. MELICK, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellee, John Wittbold & Company, a corporation, (hereinafter designated as plaintiff,) filed in the circuit court of Cook county a suit to collect certain sums of money upon unpaid warrants issued by the city of Chicago Heights to various persons and firms who assigned the warrants to plaintiff. These warrants show on their face that they were issued for the payment of operating expenses of the city and were drawn upon various of the city's operating funds.

Plaintiff's amended complaint sets out that during the years from 1929 to 1934, inclusive, the city, under appropriate statutes, passed its annual appropriation bills to defray necessary expenses and liabilities of the city, including appropriations for salaries to firemen, one per cent of all licenses for fire fund; streets and alleys fund, for street repairs and materials, and public property fund, and that the amounts so appropriated were levied against the property of the city and such taxes were collected and received by the city for the years named, and placed in the "Corporation funds" to defray the necessary expenses and liabilities in the various funds specified. It is alleged the city held in its corporate fund the annual appropriated funds against which the warrants in question were drawn, during the respective months when the city, by its proper authorities, issued these warrants against the funds mentioned. Such appropriations and levies are set forth, as is the form of the warrant. The complaint also sets out that the city, being possessed of appropriated funds for streets and alleys fund, firemen and property funds, and public property fund,

issued the warrants involved. Ownership of these warrants by the plaintiff is averred.

The city in its answer either specifically admits, or does not deny, that the various appropriations were made, the taxes therefor levied and the money received, but avers that there was, at the time of the issuance of each of the warrants, no money in the particular fund against which it was drawn, and that its issuance, therefore, was contrary to the statute, and it should not be held liable to pay the same. The answer also sets up that the city was, at the time of the issuance of each of these warrants, and has since been, indebted beyond its constitutional limitation. The answer further sets out the assessed valuation of the real and personal property within the city for the years 1927 to 1934, inclusive, and avers that, under the statute, it, like all cities of its population, is limited in its indebtedness to two and one-half per cent of the taxable property therein. The answer sets up, also, that at the time of the issuance of all the various warrants involved here the city was indebted beyond its legal debt limit and could not be indebted to the plaintiff corporation in any amount, because of its lack of authority to incur the debt.

A motion to strike this answer was based on the ground that it did not deny the allegations of the complaint, and that the portion of the answer relating to the limitation of the city's indebtedness can have no application to warrants of this character; that the answer admitted the issuance of the warrants and that they were outstanding; did not deny the levy and collection of taxes for the purposes stated in the complaint, but denied, merely, that there was money in the appropriate funds in the city treasury on the dates of issuance of the warrants with which to pay, and that such does not constitute a defense. Plaintiff's motion to strike the answer was allowed, and judgment was entered against the city for the sum of $2222.18, and costs. On appeal to the Appellate Court for the First District this

judgment was affirmed. The cause is here on leave to appeal granted.

A motion to strike an answer is, in effect, a demurrer thereto, and tenders an issue of law upon the facts alleged in the answer so far as well pleaded. Ill. Rev. Stat. 1937, chap. 110, par. 169; *Bohnert* v. *Ben Hur Life Ass'n,* 362 Ill. 403; *People* v. *Holten,* 259 id. 219.

The statute governing the issuance of warrants by municipal corporations, (Ill. Rev. Stat. 1937, chap. 146½, sec. 1,) provides that warrants payable on demand shall be drawn or issued upon the city treasurer or against funds in his hands, only when, at the time of the drawing and issuing of such warrants, there shall be sufficient money in the appropriate fund in the treasury to pay said warrants. Plaintiff's case is based, alone, on these warrants. A count was filed in assumpsit but was dismissed on the motion of defendant.

Considerable argument is indulged in the briefs on the matter of debt limitations of the defendant, but no question as to the limit of indebtedness is properly in this case. Nor are the warrants here to be confused with tax anticipation warrants. The warrants issued were for payment of operating expenses of the city. It is admitted that appropriations were made and taxes extended and collected to meet such operating expenses. Neither the appropriation nor the levy made by the defendant created a debt, nor does the issuance of a warrant to meet the operating expenses of a city create a debt. It is but an order on the treasurer for the payment of an existing obligation. Appropriations and levies are made for the purpose of paying and not creating obligations.

There is in this record, presented by the answer of the defendant, an issue of fact of governing importance so far as action on these warrants is concerned,—*i. e.,* whether there was on hand in the appropriate funds when and against which the warrants were drawn, money to pay the same.

Plaintiff avers in his statement of claim that the city did have such funds and the answer denies it. On this issue the city had a right to go to trial and the circuit court erred in striking its answer, and the Appellate Court erred in affirming the judgment of the circuit court.

The judgments of the Appellate Court and circuit court are reversed and the cause remanded to the circuit court, with directions to overrule plaintiff's motion to strike.

*Reversed and remanded, with directions.*